Glenn R. Kantor – State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Andrew M. Kantor – State Bar No. 303093
 E-mail: akantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
ERNIE OLIVAREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ERNIE OLIVAREZ, | CASE NO. |
|---|---|
| Plaintiff, | COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; BREACH OF FIDUCIARY DUTIES AND DEMAND FOR PREJUDGMENT AND POST JUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS |
| vs. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Plaintiff, Ernie Olivarez, herein sets forth the allegations of his Complaint against Defendant Unum Life Insurance Company of America.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms

1
COMPLAINT

of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan insured by Defendant. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due him under his plan, pre-judgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Endologix, Inc., and at the time of his relevant employment, was a resident of Long Beach, California, in the County of Los Angeles, California.

3. Plaintiff is informed and believes that Defendant Unum Life Insurance Company of America ("UNUM") is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff is informed and believes that Endologix, Inc. Welfare Benefit Plan ("The Plan") is an employee welfare benefit plan regulated by ERISA, established by Endologix, Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of The Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of The Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Plaintiff is informed and believes that UNUM is the insurer of benefits under The Plan, funded through Policy Number 45421 and acted in the capacity of the plan insurer and plan claims administrator.

6. Plaintiff is informed and believes that Policy Number 45421 was issued with the intent to provide coverage to residents of the State of California.

7. Plaintiff is informed and believes that the Policy was in effect after January 1, 2012. The policy had a contract year from January 1, 2011 to December 31, 2011.

8. The Policy was renewed after January 1, 2012.

9. Plaintiff is informed and believes that the Policy had an anniversary date after January 1, 2012.

# FIRST CLAIM FOR RELIEF
# AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA
# FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF
# RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST,
# AND ATTORNEYS' FEES AND COSTS
# (29 U.S.C. § 1132(a)(1)(B))

10. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

11. At all times relevant, Plaintiff was employed by Endologix, Inc., and was a covered participant under the terms and conditions of the The Plan.

12. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of The Plan. Specifically, while Plaintiff was covered under The Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of The Plan.

13. Pursuant to the terms of The Plan, Plaintiff made a claim to UNUM for LTD benefits under The Plan. UNUM assigned Plaintiff Claim No. 13682332. On October 26, 2017, Defendant denied Plaintiff's claim for LTD benefits based on the errant determination that Plaintiff did not have Long Term Disability coverage as of February 01, 2015.

14. On April 20, 2018, Plaintiff appealed UNUM's claim denial.

15. Thereafter, on April 25, 2018, UNUM approved an extension of time to submit additional information in support of Plaintiff's appeal until May 25, 2018.

16. On May 24, 2018, Plaintiff submitted additional documents in support of his appeal clearly stating that there would be no additional documents submitted.

17. On June 6, 2018, UNUM acknowledged receipt of Plaintiff's May 24th appeal supplement and acknowledged its statutory obligation to make a determination or request a 45 extension (to August 27, 2018) by July 8, 2018.

18. Thereafter, on June 18, 2018, UNUM notified Mr. Olivarez that while Unum had "completed [its] review of the appeal [of Mr. Ernesto's] Long Term Disability claim," it still "needed to review Mr. Olivarez's eligibility for benefits."

19. It remains unclear why such an investigation took place following a full appeal review on Mr. Olivarez's claim.

20. Per UNUM's request, on July 25, 2018, Plaintiff's signed authorization was submitted to UNUM's Appeals Unit.

21. As of August 27, 2018, UNUM had not made a determination on Mr. Olivarez's complaint.

22. On October 5, 2018, Plaintiff sent a letter to UNUM memorializing an October 3rd conversation in which Attorney Buckner objected to UNUM's eligibility review, and pointing out that UNUM has taken more than the statutorily allotted time period to make its final determination.

23. As of January 3, 2019, UNUM has not made a determination on Mr. Olivarez's appeal.

24. The time period within which UNUM should have either upheld or reversed its decision ended on August 27, 2018. Rather than making a timely decision, UNUM continued its "review" for nearly 4 months after UNUM determined that Plaintiff, in fact, did have long term disability coverage. Therefore, under the operative ERISA claims regulations, Plaintiff has exhausted his pre-litigation obligations and remedies, and his appeal is deemed denied.

25. Defendant UNUM breached the Plan and violated ERISA in the following respects:

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(a) Failing to pay benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of The Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of The Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) Failing to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim; and

(e) Failing to timely render a decision on her second mandatory appeal of the termination of her benefits.

26. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his disability benefits under The Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

27. Following the denial of benefits under The Plan, Plaintiff exhausted all remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under The Plan.

28. As a proximate result of the aforementioned wrongful conduct of The Plan and UNUM, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

29. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

30. The wrongful conduct of UNUM has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of The Plan and to clarify his right to future benefits under the terms of The Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of LTD benefits, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 7, 2019            KANTOR & KANTOR, LLP

By   /s/ *Glenn R. Kantor*
      Glenn R. Kantor
      Attorney for Plaintiff
      Ernie Olivarez